Ms. Cathyrn E. Hinshaw, Executive Director Arkansas Fire Police Pension Review Board P.O. Drawer 34164 Little Rock, Arkansas 72203
Dear Ms. Hinshaw:
This is in response to your request for an opinion on whether Act 70 of 1953 requires a local police pension Board of Trustees to give service credit to a police officer who worked in a police department in other Arkansas cities of the first class since January 1, 1925.
It is my opinion that the answer to your question is "no."
Act 70 of 1953 is entitled:
 AN ACT to Permit Officers on Municipal Police Forces in Cities Which Now or Which Hereafter Have a Population According to the Last Preceding Federal Census of Not Less Than 28,000 Nor More Than 30,000 to Retire Upon Completion of Not Less Than 20 Years Service as a Law Enforcement Officer; and that in Computing such Service as a Law Enforcement Officer the Board of Trustees of the Policemen's Pension and Relief Fund Shall Compute Years Which Such Officers Shall Have Served as a Full-Time Active Officer in the Sheriff's Department of Such County.
The text of the act contains a final provision which states that: "Provided the Policemen's Pension and Relief Fund shall also give credit for time which such Police Officer shall have devoted to full time active duty as a law enforcement officer in the Police Department of any city of the first class of this state since Jan. 1, 1925." It is this language which gives rise to your question.
It is my opinion that this act does not operate to mandate or confer any retirement service credit for police officers. Act 70 of 1953 was "omitted" from the Arkansas Code Annotated and does not appear therein. It was omitted as "not being valid or of a general and permanent nature." See Acts Disposition Table of the Arkansas Code Annotated (Tables Volume). See also, A.C.A. §§ 1-2-103 and 1-2-303(b)(4) (1987). This act was in all likelihood omitted from the code as being invalid as a "special or local act" under Amendment 14 to the Arkansas Constitution. It has been held under this provision that if classifications are such that the legislation applies only to political subdivisions of a certain population, the legislation is local if relative population has nothing to do with the subject-matter of the law.Owen v. Dalton, 296 Ark. 351, 757 S.W.2d 921 (1988). It is my opinion that this is the case with respect to Act 70 of 1953, and as such the Act is invalid and does not operate to mandate any action of a local board of trustees or to confer any benefits upon police officers.
It is therefore my opinion that the answer to your question is "no."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh